IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

MARLOWE D. ROBINSON,
        Plaintiff,

vs.                              Case No.TBA

BROWARD COUNTY SCHOOL DISTRICT.
        Defendant.
_____/

FILED BY _____ D.C.
DEC 16 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# COMPLAINT

1. This is an action which arises under the Family Medical Leave Act (FMLA), 29 USC §2601, et seq; the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111; and claims damages in excess of $15,000.00 exclusive of fees and costs.

2. This Court has jurisdiction to hear these claims.

3. At all times material hereto Plaintiff was a United States Military service veteran.

4. At all times material hereto Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

5. At all times material hereto Defendant[s] was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

1

6. At all times material hereto, the defendants, et.al., acted jointly, in concert and as agents of one another concerning the matters alleged herein, and further ratified the wrongful acts of each other by, inter alia, knowingly acting together to deprive plaintiff of the benefits of the statutory provision of law as set forth below and in retaliation as a result of plaintiff having reported improper governmental activities and for having refused to obey an illegal order or directive.

7. On or about April 7, 2017, Petitioner filed a charge of discrimination with the Florida Commission on Human Relations which alleged that SBBC, et.seq., violated petitioner based upon that he was not provided the approved job title and wage increase as a result of discrimination on the basis of his alleged tardiness due to his known medical disability(ies).

8. On or about July 18, 2018, the Florida Department of Administrative Hearings held a final hearing upon plaintiff's complaint and determined that an unlawful employment practice had not occurred.

9. Plaintiff alleges that his immediate supervisor, Richard J. Volpi retaliated against him in breaching his fiduciary duty by failing to properly pursue plaintiff's grievances or refer the same to a fair arbiter.

10. Petitioner worked for BCSD for approximately 20 years prior to the termination of his employment on May 9, 2018. Petitioner was employed as the

Head Facility Serviceperson at BCSD's office in the Katherine C. Wright Building ("KCW").

11. On or about February 18, 2016, Petitioner filed numerous internal labor grievance allegations pursuant § 447.401, Florida Statute (2017) (SBBC grievance procedures) against his immediate supervisor, Mr. Richard J. Volpi including but not limited to specified Family and Medical Leave Act ("FMLA") violations; and as retaliation for plaintiff's filing the same prior grievances.

15. Plaintiff was 44 years old at the time of his termination, has a 12th grade education, and earned $26.12 per hour after 20 years in the same job.

16. Prior to his termination, Plaintiff was never provided a fair intermediary for evaluation of the disciplinary conduct implemented by his immediate supervisor, Richard Volpi, for alleged tardiness or unexcused absence throughout the course of his employment.

17. Plaintiff's employment at SBBC was terminated on May 9, 2018.

18. Plaintiff speaks English proficiently.

19. Plaintiff's grievances were not reviewed by an independent arbiter but instead the grievances were reviewed and examined by plaintiff's supervisor Mr. Volpi, the principle accused of plaintiff's complaint[s] allegations. Mr. Volpi denied them.

20. Broward County Public Schools operates over 327 structural facilities which is in the business of education centers.

21. At all times material and relevant, defendant's employed more than 34,000 employees.

22. It is undisputed that Defendant is an employer covered by the FMLA.

23. It is undisputed that Plaintiff worked more than 2,080 hours prior to his time off in 2016.

24. On August 24, 2017, Plaintiff submitted a formal demand for arbitration performance according to the Employee & Labor Relations Department Policy, Article 5 & 6.

25. Plaintiff asserts that SCSB failed to invoke or recognize the arbitration request as provided for in the Collective Bargaining Agreement between the parties.

26. On or about July 18th, in Tallahassee and Lauderdale Lakes, Florida, a Final Hearing by the Florida Department of Administrative Hearings was conducted. The purpose of the hearing was to determine whether the Plaintiff, Mr. Robinson, was unlawfully discriminated against by his employer, the Defendant, based upon his disability; and retaliation for complaining about discrimination in the workplace in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act.

26. Marlowe Robinson was present and unrepresented by counsel.

27. The Defendants, Michael Elkins, Esquire, of Brian Miller Olive, on behalf of the Broward School District, Richard Volpi, Gilbert Charispin, Compliance Administrator with the Broward County School District.

**DISPUTED FACTS**

**Serious Medical Condition.**

28. Plaintiff asserts that he had multiple serious and chronic health conditions involving continuing treatment, including the following: sleep apnea, hypertension, PTSD, spinal stenosis, knee condition.

30. Petitioner asserts that at all times relevant he notified his supervisor, Richard J. Volpi of his possible tardiness of absence via emails and/or screenshots text (SMS) messages'.

31. Further, that he had significant difficulty sleeping, suffered PTSD and underwent surgery on his left wrist. His immediate supervisor saw plaintiff's surgical scar.

32. Mr. Robinson, who was in his early twenties, was treated by Dr. Sandra Romain at the Veterans Hospital, Sunrise, FL at least 20 times for multiple illnesses between April 1995 to present.

**PLAINTIFF'S CLAIM FOR WAGES OWED.**

33. Plaintiff asserts that Defendant did not pay wages for working out of classification for the period from 2010 to 2018 or for any time, after Plaintiff filed this lawsuit.

34. Whether there was any settlement concerning payment of unpaid classification wages and related amounts still owed to Plaintiff at the time he filed this lawsuit, remains disputed, as does any entitlement to attorneys' fees respecting those claims.

35. Plaintiff also seeks the permission to amend this complaint;

36. Plaintiff seeks the following relief;

    a. Punitive damages for wrongful termination;

    b. Compensatory damages for actual discrimination as set forth herein;

    c. Compensatory damages for working out of classification;

    d. Entitlement to attorneys' fees, if any.

STATE OF FLORIDA    )
    )
COUNTY OF BROWARD )

BEFORE ME the undersigned authority, personally appeared Marlowe D. Robinson, who is personally know to me or has presented his Florida Driver License

Number- Rl52-544-73-425-0, as identification, and states that the foregoing facts and statements are true and correct.

SWORN AND SUBSCRIBED TO this day of _December 16TH_, 2019.

MY COMMISSION EXPIRES:

*[Notary seal: PATRICIA NELSON-BOOKER, MY COMMISSION # GG 098535, EXPIRES: July 5, 2021, Bonded Thru Notary Public Underwriters]*

*Patricia Nelson Booker*

Respectfully Submitted,

*/s/ Marlowe Robinson*

Marlowe D. Robinson, pro se
4920 Northwest 73rd Avenue
Lauderhill, Florida 33319
Email: marlo102@yahoo.com
Telephone: (954)934-4542

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Marlowe Robinson<br>4920 NW 73 Ave.<br>Fort Lauderdale, FL 33319 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2017-00512 | Ina Depaz,<br>State & Local Coordinator | (305) 808-1752 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

SEP 16 2019

Enclosures(s)

Michael J. Farrell,
District Director

*(Date Mailed)*

cc:

Broward County School District
c/o Mr. Wladimir G. Alvarez, Director, EEO/ADA
Compliance
600 SE Third Avenue
Fort Lauderdale, FL 33301