UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-63099-CIV-SMITH

MARLOWE D. ROBINSON,

    Plaintiff,

vs.

BROWARD COUNTY SCHOOL DISTRICT,

    Defendant.
                                    /

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Defendant's Motion to Dismiss Complaint for Failure to State a Claim [DE 14]. Defendant seeks dismissal of the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff, who is *pro se*, filed his Complaint, asserting what appears to be counts for: (i) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, *et seq.*; (ii) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and (iii) unpaid wages.[1] Defendant argues that the Complaint should be dismissed because it does not comport with the pleading requirements under Federal Rule of Civil Procedure 8. Additionally, Defendant argues that Plaintiff's ADA claim should be dismissed because Plaintiff failed to exhaust his administrative remedies. For the reasons set forth below, the Motion is **GRANTED.**

### I. FACTUAL BACKGROUND

On or about February 18, 2016, Plaintiff, Marlowe D. Robinson filed numerous internal

---

[1] On the face of the Complaint, it is unclear whether Plaintiff seeks to assert a claim for unpaid wages under the FLSA.

labor grievances pursuant to section, 447.401, Florida Statutes, against his immediate supervisor, Mr. Richard J. Volpi ("Mr. Volpi"), which included grievances for FMLA violations and for retaliation. (Compl. [DE 1] ¶ 11.)

On or about April 7, 2017, Plaintiff filed a separate charge of discrimination with the Florida Commission on Human Relations, against Defendant, Broward County School District, alleging that Defendant violated his rights by not providing him with an approved job title and wage increase and discriminated against him on the basis of his alleged tardiness due to known medical disabilities. (*Id.* ¶ 7.) On or about July 18, 2018, the Florida Department of Administrative Hearings held a final hearing on Plaintiff's complaint. (*Id.* ¶ 8.) The agency determined that no unlawful employment practice occurred. (*Id.* ¶ 8.) Plaintiff alleges that Mr. Volpi retaliated against him by failing to properly pursue his grievances or refer the same to a fair arbiter. (*Id.* ¶ 9.)

Plaintiff worked for Defendant for approximately twenty years prior to being terminated on May 9, 2018. (*Id.* at ¶ 10.) At the time of termination, Plaintiff was employed as the Head Facility Serviceperson at the Broward County School District's office in the Katherine C. Wright Building. (*Id.* ¶10.) Plaintiff was 44-years old at the time of his termination, has a twelfth-grade education, and earned $26.12 per hour after twenty years in the same job. (*Id.* ¶ 15.) Prior to his termination, Plaintiff alleges that he was never provided a fair intermediary for evaluation of the disciplinary conduct implemented by Mr. Volpi for alleged tardiness or unexcused absences throughout the course of his employment. (*Id.* ¶ 16.) Plaintiff also alleges that his grievances were not reviewed by an independent arbiter but instead, were reviewed and examined by Mr. Volpi, who denied them. (*Id.* ¶ 19.)

Plaintiff alleges that Defendant is an employer covered by the FMLA. (*Id.* ¶ 22.) It is also

alleged that Plaintiff worked more than 2,080 hours prior to his time-off in 2016. (*Id.* ¶ 23.) On August 24, 2017, Plaintiff submitted a formal demand for arbitration according to the Employee & Labor Relations Department Policy, Articles 5 & 6. (*Id.* ¶ 24.) Plaintiff alleges that Defendant failed to invoke or recognize the arbitration request as provided for in the Collective Bargaining Agreement between the parties. (*Id.* ¶ 25.)

Plaintiff asserts that he had multiple serious and chronic health conditions, including sleep apnea, hypertension, PTSD, spinal stenosis and a knee condition. (*Id.* ¶ 28.) Plaintiff also alleges to have undergone surgery on his left wrist. (*Id.* ¶ 31.) Mr. Volpi saw Plaintiff's surgical scar. (*Id.* ¶ 31.) Plaintiff also alleges that these health conditions required continuing treatment. (*Id.* ¶ 28.) Plaintiff notified Mr. Volpi of his possible tardiness via emails and/or screenshots text (SMS) messages. (*Id.* ¶ 30.) Plaintiff also received treatment at a veteran's hospital at least twenty times for multiple illnesses between April 1995 to present. (*Id.* ¶ 32.)

## II.  LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), a court

will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.

"Although complaints are construed more liberally in *pro se* actions, [plaintiff] is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure." *Benjamin v. Holy Cross Hosp.*, No. 11-62142-CIV, 2012 WL 1900026, at *1 (S.D. Fla. May 24, 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "While '[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed, . . . this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Benjamin*, 2012 WL 1900026, at *1.

### III.  DISCUSSION

**A. The Complaint does not comport with the pleading requirements under Federal Rules of Civil Procedure 8 and 10.**

The Complaint fails to comport with the pleading requirements under Federal Rules of Civil Procedure 8 and 10. Although the Complaint seems to suggest that Plaintiff brings three different claims, his allegations are not separated and stated in separate counts, as required under

Federal Rule of Civil Procedure 10, which requires a party state its claims and defenses in numbered paragraphs. Fed. R. Civ. P. 10. Each numbered paragraph should be limited, as far as practicable, to a single set of circumstances, and each claim founded on a separate transaction or occurrence be stated in a separate count. Fed. R. Civ. P. 10(b).

On the face of the Complaint, it is impossible to discern whether Plaintiff seeks to assert claims under the FMLA, the ADA or both. Aside from vaguely mentioning the FMLA and the ADA in the introductory paragraph, Plaintiff fails to adequately plead facts giving Defendant fair notice of Plaintiff's claims and the grounds on which each claim rests.

The purported facts supporting Plaintiff's claims are unclear. Plaintiff alleges that he filed numerous internal labor grievances pursuant to Florida Statute § 447.401 on or about February 18, 2016. (Compl. ¶ 11.) Plaintiff goes on to allege that on or about April 7, 2017, he filed a charge of discrimination with the Florida Commission on Human Relations which alleged that Defendant violated his rights. (*Id.* ¶ 7.) On the face of the Complaint, it is unclear which grievance serves as the basis for Plaintiff's legal claims. The Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**B. The Complaint fails to state a claim under the FMLA.**

Under the FMLA, eligible employees are entitled to up to twelve workweeks of unpaid leave during any twelve-month period for "a serious health condition that makes the employee unable to perform the functions of the positions of such employee." *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 483 (11th Cir. 2011) (citing 29 U.S.C. § 2612(a)(1)(D)). In order to receive FMLA protections, one must be both eligible, meaning having worked the requisite hours, and entitled to leave, meaning an employee has experienced a triggering event, such as the birth of a child. *See* 29 U.S.C. § 2611(2)(A). "The determination of whether an employee has worked

for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).  To protect the availability of these rights, the FMLA prohibits employers from interfering with, restraining, or denying "the exercise of or the attempt to exercise" any rights guaranteed under the Act. *Chapman*,  42 F. App'x  at 483; *see also* 29 U.S.C. § 2612(a)(1).

Under § 2615(a) of the FMLA, a plaintiff may bring two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act.  *See Pereda v. Brookdale Senior Living Cmty., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012); *Chapman,* 442 F. App'x at 483.  To state a claim for interference, an employee must allege that he was denied a benefit to which he was entitled under the FMLA.  *Chapman*, 442 F. App'x at 483.  "To establish a *prima facie* case of retaliation, the plaintiff must show that: (1) [he] engaged in statutorily protected activity; (2) [he] experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action."  *Id.*; *see also Davis v. Delta Airlines, Inc.*, Civ. A. No. 18-25361-Civ-Scola, 2019 WL 5742150, at *4 (S.D. Fla. Nov. 5, 2019).

The Complaint fails to state a claim for interference under the FMLA because it fails to show that Plaintiff was entitled to a benefit under the FMLA.  *See Chapman*, 442 F. App'x at 483; *see also Davis*, 2019 WL 5742150, at *4 (dismissing FMLA claim where plaintiff could not allege that the defendant interfered with her right to take leave).  Further, the Complaint fails to allege facts showing that Plaintiff engaged in a protected activity under the FMLA.  Missing from the Complaint are any allegations that Plaintiff ever made a request for FMLA leave or that Plaintiff was denied such request. (*See generally* Compl.)

6

Nor does the Complaint state a claim for retaliation under the FMLA. Although Plaintiff alleges that he was terminated on May 9, 2018, he fails to show that he engaged in protected activity under the FMLA. Plaintiff also fails to establish a causal connection between the protected activity and his termination, which is a necessary element of a retaliation claim under FMLA. "To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *See Matamoros v. Broward Sheriff's Office*, Case No. 0:18-cv-62813-KMM, 2019 WL 4731931, at * 5 (S.D. Fla. June 8, 2019). Plaintiff alleges that "his immediate supervisor, Richard J. Volpi retaliated against him in breaching his fiduciary duty by failing to properly pursue plaintiff's grievances or refer the same to a fair arbiter." (Compl. ¶ 9.) However, the allegations fail to establish that his immediate supervisor was either aware of any protected conduct or that the protected activity and Plaintiff's termination were not wholly unrelated. As previously stated, there are no allegations that Plaintiff exercised any rights guaranteed under the FMLA or that his employer knew of such activity. Further, there are no allegations of an adverse employment action occurring after the exercise of such rights. Thus, the Complaint fails to state a claim for retaliation under the FMLA.

**C. Plaintiff failed to exhaust his administrative remedies before filing his ADA claim.**

"Before filing suit under the ADA, a plaintiff must exhaust [his] administrative remedies by filing a charge with the E[qual] E[mployment] O[pportunity] C[ommission]." *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018); *Castillo v. Sch. Bd. Of Broward Cnty., Fla.*, Case No. 15-60418-CIV-Dimitrouleas, 2015 WL 12916423, at *1 (S.D. Fla. May 8, 2015). The allegations in the judicial complaint must be "reasonably related" to the EEOC charge with no "material differences" between the two. *Id.* "Allegations of new acts of discrimination, offered

as the essential basis for the requested judicial review, are not appropriate." *Id.*

Plaintiff alleges that he was terminated on May 9, 2018. (Compl ¶ 17.)  The Complaint is devoid of any allegations of Plaintiff ever filing any complaints with the EEOC or initiating any administrative proceedings following his termination.  Defendant correctly contends that Plaintiff only alleges filing an administrative charge on April 13, 2017—well before his termination. (Resp. at 12.)  There are no allegations of Plaintiff initiating any administrative proceedings following his termination.  As such, Plaintiff cannot bring his ADA claim and this claim must be dismissed.

### D. The Complaint fails to state a claim under the ADA.

Even if Plaintiff had adequately pled exhaustion of his administrative remedies, his ADA claim would still be subject to dismissal.  On the face of the Complaint, it is unclear what type of claim Plaintiff seeks to bring under the ADA.  Regardless of this defect, Plaintiff's ADA claim fails for several reasons.  First, Plaintiff fails to allege the very first element necessary to state a *prima facie* case of employment discrimination based on a disability—that Plaintiff is in fact disabled under the ADA.  Second, Plaintiff fails to state a claim for failure to accommodate because there are no allegations regarding any accommodations that would allow Plaintiff to perform his job's essential functions.  Third, Plaintiff fails to state a claim for retaliation because Plaintiff has not established a causal link between the alleged statutorily protected act and Plaintiff's termination.

### 1. Plaintiff does not allege that he is disabled under the ADA.

To establish a *prima face* case of employment discrimination based on a disability under the ADA, the plaintiff must show that: (i) he had a disability; (ii) is qualified, with or without an accommodation, to perform the essential function of his job; and (iii) he suffered discrimination

because of his disability.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001); *see also Jones v. STOA Int'l/Florida, Inc.*, 422 F. App'x 851, 852 (11th Cir. 2011); *Fuller v. Broward Cnty. Mass Transit (Office of Transp.)*, No. 08-61016-CIV, 2009 WL 112958, at * 2 (S.D. Fla. Jan. 16, 2009); *Mont-Ros v. City of West Miami*, 111 F. Supp. 2d 1338, 1350 (S.D. Fla. 2000) (citing 42 U.S.C. § 12102(2)).  "The ADA only protects 'qualified individuals' with disabilities, whom the Act defines as individuals who 'can perform the essential functions of the employment position that such individual holds or desires' with or without a reasonable accommodation."  *Davis*, 2019 WL 5742150, at *2 (citing 28 U.S.C. § 12111(8)).  "If the individual is unable to perform an essential function of his ... job, even with an accommodation, he is, by definition, not a qualified individual and, therefore, not covered under the ADA."  *Id.*  The ADA and the regulations define "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having an impairment.  *See* 42 U.S.C. § 12102(1).

Plaintiff alleges that "he had multiple serious and chronic health conditions involving continuing treatment, including the following: sleep apnea, hypertension, PTSD, spinal stenosis, knee condition."  (Compl. ¶ 28).  However, Plaintiff fails to establish that such conditions are disabilities under the ADA.  For Plaintiff to prevail under the "regarded as" theory of disability, he has to allege: (1) that the perceived disability involves a major life activity and (2) that the perceived disability is "substantially limiting" and significant.  *Jones*, 422 F. App'x at 853 (citing *Sutton v. Lader*, 185 F. 3d 1203, 1208 (11th Cir. 1999)).  "In determining whether a physical impairment substantially limited a major life activity, the regulations instructed this Court to consider "(1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long

term impact of or resulting from the impairment.'"" *Id.* Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Id.* (citing *Rossbach v. City of Miami*, 371 F.3d 1354, 1357-58 & n. 4 (11th Cir. 2004)). Moreover, the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *Rossbach*, 371 F.3d at 1359. Consequently, an impairment must preclude—or at least be perceived to preclude—"an individual from more than one type of job, even if the job foreclosed is the individual's job of choice." *Id.*

The Complaint, as alleged, fails to state a claim under the ADA. First, Plaintiff has failed to show that he suffers from a disability. The Complaint also fails to allege that his health conditions resulted in any long-term impairments that substantially limited Plaintiff's ability to work. Plaintiff has not satisfied the first prong necessary to establish a *prima facie* case of discrimination under the ADA, and thus, has failed to state a cause of action. *See Jones*, 422 F. Appx. at 853 (affirming district court's finding that the complaint did not allege enough facts to present a plausible case that plaintiff was disabled or had a perceived disability within the meaning of the ADA).

Further, Plaintiff fails to allege facts showing that Defendant engaged in any discrimination because of Plaintiff's disabilities. Plaintiff loosely alleges that Mr. Volpi saw Plaintiff's surgical scar. (Compl. ¶ 31.) Plaintiff also alleges that he notified Mr. Volpi of his possible tardiness via emails and/or screenshots text (SMS) messages. (*Id.* ¶ 30.) However, this is not enough to show that Defendant was aware of Plaintiff suffering any disabilities or that Plaintiff's disabilities were a "determinative factor[] in the termination decision." *See Andrews v. City of Hartford*, 700 F. App'x 924, 927 (11th Cir. 2017) (affirming dismissal of complaint where plaintiff failed to allege facts giving rise to an inference of disability discrimination); *Davis*, 2019 WL 5742150, at *2.

### 2. Plaintiff fails to state a claim for failure to accommodate.

To the extent Plaintiff seeks to bring a claim for failure to accommodate, such claim fails. "An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide reasonable accommodations for the disability—unless doing so would impose undue hardship on the employer." *Davis*, 2019 WL 5742150, at *2 (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (citing 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a))). "An accommodation can qualify as reasonable ... only if it enables the employee to perform the essential functions of the job." *Id.* (citations omitted).

The Complaint is devoid of an allegation regarding any accommodations that would allow Plaintiff to perform the job's essential functions. The Complaint fails to put forth any information regarding Plaintiff's job responsibilities or essential job functions.

### 3. Plaintiff fails to state a claim for retaliation.

To the extent Plaintiff seeks to bring a claim for retaliation under the ADA, this claim also fails. To assert a claim for retaliation under the ADA, a plaintiff must demonstrate that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse ... action, and (3) the adverse action was causally related to the protected expression." *Davis*, 2019 WL 5742150, at *3. "To prove a causal connection, we require a plaintiff only to demonstrate that the protected activity and the adverse action were not *wholly unrelated.*" *Id.* (emphasis added). As the court in *Davis* noted:

> The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal activity, without more, must be very close. A three- or four-month disparity between the statutorily protected expression and the adverse employment action is not enough.

*Id.* (citing *Thomas v. Cooper Lightning, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

11

In the Complaint, Plaintiff alleges to have filed two separate complaints against his employer—on or about February 18, 2016 and on or about April 7, 2017.  (Compl. ¶¶ 7, 11.)  However, Plaintiff fails to allege sufficient facts to support any contention that his May 9, 2018 termination is causally related to these complaints.  Furthermore, the temporal proximity between the filing of the complaints is too remote to establish a casual connection.  Based on the allegations, the temporal proximity between the last complaint (April 7, 2017) and Plaintiff's termination (May 9, 2018) is 397 days.  This is insufficient to establish a causal link between the alleged statutorily protected act and Plaintiff's termination.

Plaintiff fails to state a claim under the ADA.

### E. The Complaint fails to state a claim for unpaid wages.

Plaintiff's claim for unpaid wages must be dismissed.  The Complaint is devoid of any allegations regarding the source of any entitlement to such wages.  Further, Plaintiff fails to cite any law—federal or state—supporting this claim.  The bare-bone allegations found in paragraphs 33 and 34 of the Complaint are insufficient to state a claim and do not comport with the pleading requirements set forth in Federal Rule of Civil Procedure 8.  The claim for unpaid wages is dismissed without prejudice.

### F. Plaintiff's seeks permission to amend.

Plaintiff seeks leave to amend his Complaint in paragraph 35 of his Complaint.  This request is insufficient under Federal Rule of Civil Procedure 15. "Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his or her complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after the earlier of service of the responsive pleading or service of a motion under Rule 12(b), (e), or (f)." *Balthazar Mgmt. v. Beale Street Blues Co., Inc.*, Case No. 17-cv-81214-BLOOM, 2018 WL

8220563, at *2 (S.D. Fla. July 17, 2018). "Thereafter, a plaintiff may amend his or her complaint only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2); *Patel v. Ga. Dept. BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012). No motion for leave to amend is currently pending.[2]

Rule 15 also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment." *Patel*, 485 F. App'x at 982. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.; Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

At this stage, amendment would not be futile. Accordingly, it is:

**ORDERED** that:

1. Defendant's Motion to Dismiss [DE 14] is **GRANTED;**

2. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE;** and

3. Plaintiff shall file his First Amended Complaint no later than June 16, 2020.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of June, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record and *Pro se parties*

---

[2] On May 19, 2020, Plaintiff filed his First Amended Complaint [DE 24]. As stated, Plaintiff may only amend with the opposing party's written consent or the court's leave. Furthermore, the deadline for seeking an amendment—March 20, 2020—has now passed.